Patrick Byrne, Esq.
Nevada Bar No. 7636
Michael Paretti, Esq.
Nevada Bar No. 13926
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169
Telephone:  (702) 784-5200
Email: pbyrne@swlaw.com
          mparetti@swlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AC MEDIA GROUP, LLC, a Nevada limited liability corporation; and CREEL PRINTING & PUBLISHING CO., INC., a Nevada corporation;<br><br>Plaintiffs,<br><br>v.<br><br>SPROCKET MEDIA INC., a foreign corporation; and KYLE H. WALKENHORST, an individual,<br><br>Defendants. | Case No.   2:16-cv-02145-APG-GWF<br><br>Judge Andrew P. Gordon<br><br>Magistrate Judge George W. Foley<br><br>**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |

WHEREAS, Plaintiffs AC Media Group, LLC and Creel Printing & Publishing Co., Inc. (collectively "Plaintiffs") and Defendants Sprocket Media Inc. and Kyle H. Walkenhorst (collectively "Defendants") (individually, the "Party," and collectively, the "Parties") recognize that, pursuant to discovery or otherwise during the course of the lawsuit between Plaintiffs and Defendants ("this Action"), the Parties may be required to disclose financial information, trade secrets, or other confidential and proprietary information within the meaning of Fed. R. Civ. P. 26(c);

///

///

WHEREAS the Parties, through Counsel, have stipulated to this Stipulated Protective Order and Confidentiality Agreement ("Protective Order") pursuant to Fed. R. Civ. P. 26(c) to prevent disclosure of such confidential and proprietary information; and

WHEREAS the Parties agree that this Protective Order shall be effective and binding throughout all proceedings relating to this Action, and shall apply to all discovery in this Action, including discovery of non-parties, who shall be entitled to designate documents or testimony in accordance with this Protective Order.

**IT IS ORDERED AS FOLLOWS:**

1. All information that has been provided by the Parties in the course of this Action or will be produced by the Parties in the course of this Action shall be used solely for the purpose of preparation and trial of this Action and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

2. A Party or Parties who are producing, using or disclosing ("Producing Party") information or documents (as defined by Fed. R. Civ. P. 34(a)) or any summaries or compilations derived there from, including but not limited to productions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, exhibits, and all other discovery, regardless of format ("Discovery Material") may designate the Discovery Material produced, used or disclosed in connection with this Action as "CONFIDENTIAL," subject to the protections and requirements of this Protective Order, if so designated in writing to the other Parties by affixing, or causing to be affixed, such designation to any document or piece of information, or orally if recorded as part of a deposition, pursuant to the terms of this Protective Order. The Parties are in the process of discussing the use of a "CONFIDENTIAL ATTORNEYS' EYES ONLY" designation. The Parties reserve the right to submit an amended stipulated protective order and confidentiality agreement or submit briefing regarding an Attorneys' Eyes Only designation at a later date.

3. Any Discovery Material designated as "CONFIDENTIAL" shall be maintained as confidential, not to be disclosed, and shall be used by the Party or Parties receiving

-2-

such Discovery Material ("Receiving Party") solely in connection with this Action and shall not be disclosed to anyone other than:

    A.    The Court, including court personnel, any court exercising appellate jurisdiction over this Action, and stenographers transcribing a deposition;

    B.    Employees for a Receiving Party to whom it is necessary that the material be shown for purposes of this Action and who have signed a Declaration in the form of Exhibit A attached;

    C.    Outside counsel of record who are signatories to this Protective Order for a Receiving Party and employees of such attorneys and law firms to whom it is necessary that the material be shown for purposes of this Action;

    D.    Independent technical experts, consultants, investigators, or advisors of a Receiving Party, who are qualified by knowledge, skill, experience, training or education and retained by outside counsel to assist in the preparation or trial of this Action and to whom it is necessary that the information be disclosed, and who have signed a Declaration in the form of Exhibit A attached;

    E.    Document contractors, electronic discovery contractors, exhibit contractors, graphic art contractors and jury consultants who are engaged by outside counsel to assist in the preparation or trial of this Action and to whom it is necessary that the material be shown for purposes of this Action, and who have signed a Declaration in the form of Exhibit A attached; and

    F.    Potential witnesses to the extent the Discovery Material was authored by or addressed to the person or such person is established

1  as knowledgeable of such information or contents of the Discovery
2  Material prior to disclosing the Discovery Material.

3    4.   In the case of a document or thing, a designation of "CONFIDENTIAL"
4  shall be accomplished by marking every page of the document or conspicuously marking the
5  thing with the appropriate legend "CONFIDENTIAL" in a manner that shall not interfere with the
6  legibility of the information contained in the Discovery Material.

7    5.   As set forth in this paragraph and its subparts, information conveyed or
8  discussed in testimony at a deposition shall be subject to this Protective Order, provided that it is
9  designated as "CONFIDENTIAL" orally or in writing either at the time of the deposition or after
10 receipt by the Parties of the transcript, as provided in this Protective Order.

    A.   For such time as any Discovery Material designated "CONFIDENTIAL" are disclosed in a deposition, the Party whose information or document is to be disclosed shall have the right to exclude from attendance at that portion of the deposition any person who is not entitled to receive such information or document pursuant to this Protective Order.

    B.   In the event that a party believes that "CONFIDENTIAL" information will be disclosed during a deposition, counsel for the Party may designate on the record that all or specific portions of the deposition transcript, and the information contained therein, is to be treated as "CONFIDENTIAL"

    C.   If not orally designated during a deposition, a Party shall have seven (7) days after receiving a copy of the deposition transcript in which to designate all or specific portions of the transcript as "CONFIDENTIAL," as appropriate. If, within such seven (7) days, no Party designates portions of the transcript as "CONFIDENTIAL," all Parties shall be permitted to use such portions of the transcript and the information contained therein with

-4-

no restrictions of confidentiality except as otherwise required by this Protective Order.

6. In the case of expert reports, if any Discovery Material designated "CONFIDENTIAL" pursuant to this Protective Order is specifically identified in, paraphrased, or attached to an expert's report, the report shall be marked on its cover as "CONFIDENTIAL," the portion of the report reflecting such information shall be stamped "CONFIDENTIAL," and access to the portion so designated shall be limited pursuant to the terms of this Protective Order. The Party retaining the expert shall be responsible for the initial stamping of such report.

7. All "CONFIDENTIAL" Discovery Material in any affidavits, motions, briefs, memoranda, or other papers filed with any court shall be designated as "CONFIDENTIAL" and filed under seal, with an affidavit explaining, in general terms, the information that is protected. In the event that any "CONFIDENTIAL" Discovery Material is filed, included in, or referred to in any paper filed with the Court, counsel responsible for such filing shall notify the Clerk of the Court in accordance with the Court's procedures at the time of filing that such paper contains "CONFIDENTIAL" Discovery Material protected by this Order, and shall notify the other Parties of the confidential nature of the filing. The Clerk of the Court shall keep such "CONFIDENTIAL" Discovery Material under seal until further order of the Court; provided, however, that access to such Discovery Material filed with the Court shall be afforded to the Court and to counsel of record in this matter.

8. Nothing in this Protective Order shall be construed to restrict the use or disclosure of "CONFIDENTIAL" Discovery Material at trial or any other court proceeding; provided, however, that the use or disclosure of "CONFIDENTIAL" Discovery Material at trial or any other court proceeding shall be addressed by this Court at the appropriate time. Counsel for the Parties agree to confer in good faith about procedures for handling Discovery Material designated "CONFIDENTIAL" during trial or any hearing in open Court of this action, including the possibility of an additional order.

9. Nothing shall be designated as "CONFIDENTIAL" if it is information that:
   A. is in the public domain at the time of disclosure;

-5-

   B. becomes part of the public domain through no action or fault of the other Parties, the Receiving Party, or counsel, or any expert, or other person to whom disclosure is permitted pursuant to this Protective Order;

   C. was in the rightful and lawful possession of the Receiving Party at the time of disclosure on a non-confidential basis from a source other than the Producing Party, provided that such source is not bound by a confidentiality agreement with the Producing Party; or

   D. is lawfully received by the Receiving Party at a later date from a Party without restriction as to disclosure, provided such Party has the right to make the disclosure to the Receiving Party.

10. The failure of a producing party to designate Discovery Material as "CONFIDENTIAL" in accordance with this Protective Order, and the failure of a Receiving Party to object to such a designation, shall not preclude the Party at a later time from subsequently designating or objecting to the designation of such Discovery Material as "CONFIDENTIAL."  The Parties understand and acknowledge that a Producing Party's failure to designate Discovery Material as "CONFIDENTIAL" at or within the time specified in this Protective Order relieves the other Parties of any obligation of confidentiality until the designation is actually made.

11. Unless otherwise permitted, within ninety (90) days after the conclusion of this lawsuit, including all appeals there from, all documents designated as "CONFIDENTIAL," all copies of documents designated as "CONFIDENTIAL," and all excerpts there from in the possession, custody or control of the Receiving Parties, and their experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the Producing Party.  However, outside counsel may retain pleadings, attorney and consultant work product, and depositions for archival purposes only; those materials shall not be disclosed to anyone.  Upon request, a Party and its counsel shall separately provide written certification to the Producing Party that the actions required by this paragraph have been completed.

12.  Notwithstanding anything in this Protective Order to the contrary, the confidentiality obligations of this Protective Order shall not prohibit the disclosure by any Party of any Discovery Material required to be disclosed by any law, regulation, order, or rule of any governmental authority; provided, however, that if a Party is required to disclose the Discovery Material designated as confidential pursuant to any law, regulation, order or rule of any governmental authority, the Party shall give immediate advance written notice of any such requested disclosure to the counsel of the other Party or Parties to afford the original Producing Party the opportunity to seek legal protection from the disclosure of such Discovery Material.

13.  This Protective Order shall be without prejudice to the right of any Party:

   A.  to have determined by motion, at any time, whether any Discovery Material has been improperly designated as "CONFIDENTIAL," in which event, the Party asserting confidentiality shall have the burden of establishing the confidentiality of the Discovery Material; and

   B.  to apply to the Court for relief from any of the requirements of this Protective Order, for good cause.

14.  The attorneys of record for the respective Receiving Parties shall retain the original, executed Declarations (in the form of Exhibit A attached) that have been executed by any person to whom Discovery Material designated as "CONFIDENTIAL," pursuant to this Protective Order.

15.  If discovery is sought of a person or entity not a party to this Action ("Third Party") requiring disclosure of such Third Party's information that may properly be designated "CONFIDENTIAL," the Third Party may designate such information "CONFIDENTIAL," and it will be accorded the same protection as the Parties' "CONFIDENTIAL" information.

16.  In the event that any Discovery Material designated as "CONFIDENTIAL" is disclosed, through inadvertence or otherwise, to any person not authorized under this Protective Order, then the Party who disclosed the Discovery Material ("Disclosing Party") shall use its best

efforts to bind such person to the terms of this Protective Order; and the Disclosing Party shall (a) promptly inform such person of all the provisions of this Protective Order; (b) identify such person immediately to the Party or Third Party that designated the document as "CONFIDENTIAL"; and (c) request such person to sign a Declaration in the form of Exhibit A. The executed Declaration shall be promptly served upon the Party or Third Party designating the Discovery Material as "CONFIDENTIAL."

17. All references to "days" in this Protective Order shall be construed pursuant to the provisions of Fed. R. Civ. P. 6.

18. This Protective Order may be executed in any number of counterparts, all of which, upon complete execution thereof by the Parties, collectively shall be deemed to be the original.

19. The Parties agree to abide by and be bound by the terms of this Protective Order upon signature as if the Protective Order had been entered on that date.

20. Written notice provided under this Protective Order shall be by way of regular U.S. mail and electronic mail, with a copy to all counsel of record.

21. The Court shall retain jurisdiction over the Parties for the purpose of ensuring compliance with this Protective Order and granting such amendments, modifications, and additions to this Protective Order and such other and further relief as may be necessary, and any Party may apply to the Court at any time for an amendment, modification, or addition to this Protective Order.  This Protective Order shall survive the final disposition of this Action, by judgment, dismissal, settlement, or otherwise.

22. The Parties may, by stipulation, provide for exceptions to this Protective Order and any Party may seek an order of this Court modifying this Protective Order.

**SO ORDERED** this 16th day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

1  RESPECTFULLY SUBMITTED,

3  /s/ Michael Paretti                                      /s/ Justin Karczag
Patrick G. Byrne (Nevada #7636)              Justin P. Karczag (Nevada # 12414)
Michael Paretti (Nevada #13926)              111201 S. Eastern Ave.,
3883 Howard Hughes Parkway                Suite 100
Suite 1100                                                    Henderson, Nevada 89052
Las Vegas, Nevada 89169                        Telephone: (714) 556-1700
Telephone: (702) 784-5201                      Facsimilie: (714) 546-5005
Facsimilie: (702) 784-5252                       jkarczag@foleybezek.com
Email: pbyrne@swlaw.com
mparetti@swlaw.com

Attorneys for Plaintiffs                              Attorneys for Defendants Sprocket Media Inc.,
AC Media Group, LLC and Creel Printing &   and Kyle H. Walkenhorst
Publishing Co., Inc.

25  25536572