**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| AC MEDIA GROUP, LLC, doing business as By Design Publishing, and CREEL PRINTING & PUBLISHING CO., INC., <br><br> Plaintiffs, <br><br> v. <br><br> SPROCKET MEDIA, INC. and KYLE H. WALKENHORST, <br><br> Defendants. | Case No. 2:16-cv-02145-APG-GWF <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> (ECF No. 6) |

Plaintiffs AC Media Group, LLC, doing business as By Design Publishing, and Creel Printing & Publishing Co., Inc. sue defendants Sprocket Media, Inc. and Kyle H. Walkenhorst for allegedly breaching a joint venture agreement and related guaranty. Sprocket and Walkenhorst move to dismiss. I deny the motion.

# I. BACKGROUND

Plaintiff By Design is a custom publishing solutions company that has developed proprietary custom publishing software. ECF No. 1-1 at 5. Creel, which has common ownership with By Design, is a printing company. *Id.* at 6.

In December 2014, By Design and Creel entered into a joint venture with defendant Sprocket to provide non-party Morgan Stanley with a custom publishing project known as Mosaic, A Lifestyle Magazine. *Id.* By Design was to provide the custom publishing software; Creel was to provide printing services; and Sprocket was to act as a broker between them and Morgan Stanley, to sell advertising space, and to put together content for the magazine. *Id.* at 6-7. The plaintiffs allege that in July 2016, Sprocket developed its own software that duplicated By Design's custom software created for Morgan Stanley and cut By Design out of the joint venture. *Id.* at 8.

The joint venture agreement required Sprocket to pay By Design for its services but Sprocket has an unpaid balance of $23,820 for May/June and an unpaid balance of $23,840 for July/August. *Id.* at 7. Sprocket also owes $105,458.89 to Creel for printing services. *Id.* Sprocket's chief executive officer, defendant Walkenhorst, personally guaranteed the payment for Creel's services but he also has failed to pay. *Id.*

The plaintiffs thus filed this lawsuit in Nevada state court asserting breach of the joint venture agreement based on Sprocket (1) replacing By Design's software with its own and (2) not paying amounts owed. The plaintiffs also allege breach of the covenant of good faith and fair dealing based on Sprocket's attempt to replace By Design's role in the joint venture as software developer. Next, the plaintiffs allege Sprocket breached a fiduciary duty by developing competing software and cutting By Design out of the joint venture. Finally, they assert a breach of the guaranty against Walkenhorst. The defendants removed the action to this court on the basis of diversity jurisdiction. ECF No. 1.

**II. ANALYSIS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.[1]

---

[1] I do not consider the affidavit attached to the plaintiffs' opposition except for the challenge based on personal jurisdiction. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (stating that "[w]hen reviewing a motion to dismiss, [courts] consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." (quotation omitted)); Fed. R. Civ. P. 12(d); *see also Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002) (court may consider evidence outside the complaint to resolve personal jurisdiction challenge).

**A. Venue/Personal Jurisdiction**

The defendants argue this is not the proper venue and this court lacks personal jurisdiction over them. The plaintiffs respond that Walkenhorst expressly consented to venue and jurisdiction in Nevada in the guaranty. The plaintiffs argue Sprocket is subject to personal jurisdiction in Nevada because it entered into a contract with Nevada companies and paid the plaintiffs for services they provided in Nevada.

    1. Venue

Venue in a removed action is governed by the removal statute (28 U.S.C. § 1441(a)) rather than the general venue statute (28 U.S.C. § 1391). *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)). Section 1441(a) provides for removal from the state court "to the district court of the United States for the district and division embracing the place where such action is pending." Thus, venue is proper in this Court because the defendants properly removed the action from the Nevada state court.

    2. Personal Jurisdiction

A defendant may waive objections to personal jurisdiction through a forum selection clause "provided that the defendant agrees to be so bound." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 458 (9th Cir. 2007). The complaint alleges that the parties to the printing contract agreed to personal jurisdiction in Nevada. ECF No. 1-1 at 7-8. Additionally, the complaint alleges and the plaintiffs' owner, Alan Creel, avers that Walkenhorst agreed to personal jurisdiction in Nevada through the guaranty. ECF Nos. 1-1 at 5; 11-1 at 4. The defendants have not presented any contrary evidence, so I accept the uncontroverted allegations and affidavit as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

Moreover, the complaint alleges that the defendants regularly conduct business in Nevada and that Sprocket formed a joint venture with two Nevada companies for work to be substantially performed in Nevada. Creel describes the joint venture in his affidavit. ECF No. 11-1. The defendants do not present any evidence that they lack contacts with Nevada. Nor do they cite

/ / / /

personal jurisdiction law or analyze that law in the context of the complaint's allegations.[2] They therefore consent to the denial of this portion of their motion. LR 7-2(d). Even if the complaint's allegations are insufficient to establish a prima facie showing of personal jurisdiction as to Sprocket, a court ordinarily should grant jurisdictional discovery where the parties dispute pertinent facts bearing on the question of jurisdiction or more facts are needed. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). I therefore will not dismiss either defendant for lack of personal jurisdiction at this stage of the proceedings.

**B. Breach of Contract**

The defendants argue the plaintiffs have not attached the alleged contracts nor described their terms and therefore the plaintiffs have not adequately alleged breach of contract. They also argue that because the plaintiffs have not attached a signed writing, their contract claims are unenforceable under the statute of frauds.

The plaintiffs respond that they are not required to attach a contract to the complaint when asserting a breach of contract claim. They contend they have adequately alleged the existence of a joint venture agreement and guaranty, the parties' respective roles in the joint venture, and the plaintiffs' performance of their obligations. They assert they have alleged a breach because Sprocket created alternative software and did not pay amounts due and Walkenhorst did not pay on the guaranty. As to the statute of frauds, the plaintiffs argue that there is a written guaranty because the complaint alleges Walkenhorst signed it. The plaintiffs argue the statute of frauds does not apply to the joint venture agreement because it could be performed within a year.

1. Sufficiency of the Allegations

The defendants' contention that the plaintiffs must attach a copy of the contracts is incorrect. The Federal Rules of Civil Procedure do not require a plaintiff alleging a breach of contract claim to attach the referenced contract to the complaint. The plaintiffs have alleged in sufficient detail: (1) the existence of the joint venture agreement and the guaranty, including each party's roles in the joint venture; (2) that each defendant breached their respective contracts

---

[2] The defendants also do not argue the personal jurisdiction issue in their reply. ECF No. 15.

(Sprocket by not paying amounts due and duplicating By Design's software to cut By Design out of the joint venture; Walkenhorst by not paying on the guaranty); and (3) damages as a result. *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008) (stating a plaintiff in a breach of contract action must "show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." (quotation omitted)). I therefore deny the motion to dismiss on the basis that the complaint's allegations do not sufficiently allege the contracts' existence.

2. Statute of Frauds

Under Nevada's statute of frauds, certain types of agreement are void unless they are in writing and "subscribed by the person charged therewith." Nev. Rev. Stat. § 111.220. An agreement to answer for another's debt falls within the statute of frauds. Nev. Rev. Stat. § 111.220(2). Likewise, an agreement "that, by the terms, is not to be performed within 1 year from the making thereof" must be in writing and signed or it is void.

As to this second category, the fact that performance actually exceeds one year does not render the agreement void where the agreement's terms do not indicate that it could not be performed within one year. *See Atwell v. Sw. Secs.*, 820 P.2d 766, 769 (Nev. 1991) (finding that verbal contract with indefinite duration was not void under Nevada's statute of frauds where there was nothing to indicate that it could not be fully performed within one year); *Stone v. Mission Bay Mortg. Co.*, 672 P.2d 629, 630-31 (Nev. 1983) (holding that oral employment contract could be terminated within a year without violating the contract's terms so statute of frauds did not apply). Similarly, the statute of frauds does not void agreements that are "simply not likely to be performed," or agreements that are "simply not expected to be performed, within the space of a year from the making." *Stanley v. A. Levy & J. Zentner Co.*, 112 P.2d 1047, 1052 (Nev. 1941) (quotation omitted). The statute applies to those agreements "[w]here the manifest intent and understanding of the parties, as gathered from the words used and the circumstances existing at the time [of execution], are that the contract shall not be executed within the year[.]" *Id.* (quotation omitted) (holding statute of frauds applied where evidence showed the parties' contract

contemplated delivery from at least two grape seasons, which would require more than one year for completion).

### a. Guaranty

The guaranty is subject to the statute of frauds because it is a contract to answer for the debt of another. However, the complaint alleges that Walkenhorst "signed" the guaranty. ECF No. 1-1 at 5. A reasonable inference from this allegation is that the guaranty is in writing and signed by the party to be charged with the promise to pay the debt. Consequently, I will not dismiss the claim for breach of the guaranty based on the statute of frauds.

### b. Joint Venture Agreement

There is no similar allegation as to the joint venture agreement. However, nothing in the complaint suggests that this agreement could not be performed within a year. I therefore will not dismiss the claim for breach of the joint venture agreement based on the statute of frauds.

### C. Breach of the Covenant of Good Faith and Fair Dealing

The defendants argue the plaintiffs cannot simultaneously assert claims for breach of contract and breach of the implied covenant of good faith and fair dealing within that contract. The plaintiffs respond that they have adequately alleged Sprocket breached the covenant by copying and replacing By Design's software to cut By Design out of the joint venture. They also argue this claim is pleaded in the alternative to their breach of contract claim. They contend that Sprocket may argue nothing in the joint venture agreement precluded it from going directly to Morgan Stanley, so it is possible that Sprocket literally complied with the terms of the agreement but still breached the implied covenant.

The plaintiffs may plead their claim for breach of the implied covenant of good faith and fair dealing in the alternative to their breach of contract claim, regardless of the consistency of the two claims. *See* Fed. R. Civ. P. 8(d)(2)-(3). I therefore will not dismiss this claim.

### D. Breach of Fiduciary Duty

The defendants argue that because the plaintiffs did not attach the alleged joint venture contract it is impossible to tell whether a joint venture was actually formed, and without a joint

venture, the defendants owe no fiduciary duties.  Additionally, they contend the plaintiffs have not alleged what Sprocket did to breach any fiduciary duties.  They also argue a breach of fiduciary duty is considered a fraud under Nevada law and the complaint does not allege the fraud with specificity.  The plaintiffs respond they adequately allege the parties were joint venturers who owed each other fiduciary duties and that Sprocket breached those duties by developing its own competing software.

Members of a joint venture generally owe each other fiduciary duties. *Leavitt v. Leisure Sports Inc.*, 734 P.2d 1221, 1224 (Nev. 1987).  Those duties include "the obligation of loyalty to the enterprise and a duty of good faith, fairness, and honesty in their dealings with each other with respect to property belonging to the venture." *Rhine v. Miller*, 583 P.2d 458, 460 (Nev. 1978).

As stated above, the plaintiffs have adequately alleged a joint venture.  Consequently, they have alleged a basis for fiduciary duties.  They also adequately have alleged Sprocket breached those duties by duplicating By Design's custom software and cutting By Design out of the joint venture.[3]

To the extent Federal Rule of Civil Procedure 9(b)'s pleading standard applies, the plaintiffs have alleged the breach of fiduciary duties with particularity.  The plaintiffs have set forth the neutral facts, including the parties involved, the general time frame, and the content of the alleged breach. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (citing *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc)).  The plaintiffs have also set forth why Sprocket's conduct breached its fiduciary duties as a joint venturer: because it duplicated its co-venturer's custom software to appropriate By Design's portion of the joint enterprise. *Id.*  I therefore deny the motion to dismiss the breach of fiduciary duty claim.

/ / / /

/ / / /

---

[3] The defendants contend the complaint alleges Sprocket developed the alternative software with the plaintiffs' knowledge and consent.  As the plaintiffs note in their response, the complaint contains a typographical error at ECF No. 1-1 at 8 where it states Sprocket developed its own software "with" the plaintiffs' consent.  Given the complaint's allegations, it is clear the plaintiffs meant to allege "without" their consent.

### E. Punitive Damages

The defendants argue the facts alleged do not support punitive damages. The plaintiffs respond that this is a remedy, not a claim subject to dismissal. Further, they argue they will be able to present clear and convincing evidence of malice, fraud, or oppression.

Dismissal of the request for punitive damages would be premature at this stage of the proceedings. The complaint alleges Sprocket intentionally duplicated By Design's custom software to cut By Design out of the joint venture and secure more money for itself. Whether the plaintiffs will be able to develop facts to support a punitive damages award by clear and convincing evidence is not suitable for resolution at this stage of the proceedings.

## III. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(ECF No. 6) is DENIED**.

DATED this 24th day of April, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE